UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERICK TALLEY                                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 3:24-CV-367-TSL-RPM

CITY OF DURANT, MISSISSIPPI et al                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Roderick Talley's (1) response to the Court's order to show cause; and (2) motion for leave to proceed *in forma pauperis*.  [9] [10].  The Court previously granted Plaintiff permission to file his lawsuit without prepayment of the filing fee.  [4].  However, the Court later reviewed Plaintiff's IFP application as well as numerous IFP applications filed in other lawsuits by Plaintiff in the Southern District of Mississippi.  In particular, the Court noted that another Magistrate Judge had recommended denying Plaintiff's IFP motion.[1]  *See Talley v. Watson et al*, 3:25-cv-348-HTW-LGI.  The Court ordered Plaintiff to file an updated IFP application and scheduled this matter for an in-person hearing.  [8] [11]; *see Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (holding that district courts have the authority to conduct reasonable investigations into allegations of poverty even after the IFP issue has been resolved).  On February 19, 2026, the undersigned conducted an in-person hearing to explore Plaintiff's allegations of poverty.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Prows*

---

[1] Plaintiff filed two pro se bankruptcy petitions in the Southern District of Mississippi.  In the earlier filed case, he was granted permission to pay the filing fee in instalments.  3:25-BK-946-JAW ([7]).  In the later filed case, the bankruptcy judge denied Plaintiff's motion and required him to pay the filing fee within 14 days.  3:25-BK-2137-JAW ([8]).

*v. Kastner*, 842 F.2d 138 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982). A trial court has wide discretion in determining whether to grant or deny a motion to proceed *in forma pauperis*. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir.1975). "This is especially true … in civil cases for damages, wherein courts should grant the privilege sparingly." *Flowers*, 507 F.2d at 1244.

The determination to grant pauper status is based solely on the plaintiff's economic status. *Mitchell v. Sheriff Dep't*, 995 F.2d 60, 62 n.1 (5th Cir. 1993). The Court must examine the demand on plaintiff's financial resources, including whether the expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140. One need not be absolutely destitute to enjoy the benefit of the statute. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Section 1915 is designed to protect those litigants who suffer true financial hardship, not those who are well-equipped to pay the filing fee but choose to allocate their resources in a different manner." *Morningstar v. St. Dominic-Jackson Mem'l Hosp.*, No. 3:22-cv-00238-CWR-LGI, 2022 WL 22761468, at *1 (S.D. Miss. May 11, 2022) (quoting *McCoy v. Colvin*, No. 13-2068, 2013 WL 868682, at *1 (W.D. Ark. Mar. 7, 2013)). The "pauper's affidavit should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). There is no bright line test for determining if a person is indigent, and the decision to grant pauper status is within the Court's discretion. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981).

As an initial matter, the Court notes that Plaintiff's IFP status has been denied in another lawsuit he filed in the Southern District of Mississippi. *Talley v. Watson et al*, 3:25-cv-348-HTW-LGI ([11-2]). In that case, the Court based its denial on the "contradictions, inconsistencies, and omissions in Plaintiff's various applications." The undersigned has been equally vexed by the shifting nature of Plaintiff's claims of poverty. As a result, the undersigned

2

set an in-person hearing for closer evaluation of his IFP status. At the hearing, Plaintiff testified that despite his claims of poverty, he owns a 2021 Dodge Ram pickup truck, valued at approximately $25,000, which he believes must have been paid for by a "philanthropist" because he only made two payments prior to receiving the title. The property values listed by Plaintiff on his various IFP applications are constantly shifting, though he claims the properties all have been foreclosed or purchased in tax sales. For substantially the same reasons as outlined in *Talley v. Watson*, the undersigned recommends that Plaintiff's IFP status be revoked in the instant cause of action.

The undersigned additionally finds that Plaintiff's IFP status should be revoked because he admittedly is able to work, but he simply chooses not to. When considering whether to grant IFP status, a court may evaluate a movant's skills and ability to earn an income. *See Shannon v. Omni Logistics LLC*, 2023 WL 8113826, at *1-2 (W.D.Tex. Nov. 22, 2023) (denying IFP motion and finding unemployed plaintiff failed to show he is incapable of earning income in the future); *Petrano v. Hutto*, 2006 WL 4701845, at *3 (M.D.Fla. Apr. 21, 2006) (denying IFP motion and considering among other things plaintiffs' "significant earning potential"); *Richmond v. City of Brooklyn Center*, 2005 WL 8162881, at *1 (D.Minn. Oct. 26, 2005) (denying IFP motion based in part on applicant's earning capacity); *Symon v. Vinicombe*, 1994 WL 496898, at *1 ("[t]he absence of evidence of a disabling medical condition, coupled with past history of substantial employment earnings, leads the court to regard defendant as fully employable and capable of generating income."); *In re Fromal*, 151 B.R. 733, 735 (E.D.Va.1993) (denying in forma pauperis motion of unemployed C.P.A. with limited liquid assets and some real estate holdings because "she has offered no reason why she cannot use her accounting skills to obtain gainful employment"); *Roberts v. I-T-E Circuit Breaker Co.*, 316 F.Supp. 133, 134 (D.Minn.1970)

3

(stating that "the court should consider an applicant's earning capacity and ability, even though at the moment applicant may not be employed and thus may have no current earnings").

At the hearing conducted on February 19, 2026, the undersigned questioned Plaintiff about his education, skills, and sources of income.  Plaintiff is 38 years old with more than 16 years of education.  He attended college at Jackson State and the University of Arkansas-Little Rock.  He indicated he completed enough credit hours for degrees in political science and sociology with a minor in criminal justice; he also expressed interest in attending law school.[2] He holds an associate's degree from Holmes County Community College.  He does not suffer from any disability.[3]  He has an expired barber's license and certifications as a residential contractor and insurance adjuster but has not paid the fees to obtain licenses.  Although he testified that he currently owns no real property other than an abandoned lot with a condemned building on it, Plaintiff has owned numerous real estate holdings over the years, some of which generated rental income.  Plaintiff is the Vice Chair of the Holmes County Democratic Executive Committee and President of a non-profit Heart of Holmes Foundation.  A review of the Mississippi Secretary of State's website reveals that Plaintiff filed an LLC Annual Report on July 1, 2025, listing himself as manager of The Distinguished Gentleman's Barbershop & Shave Parlor, LLC.  In a bankruptcy filing Official Form 122C-1, signed by Plaintiff and dated June 9, 2025, he lists $1,500 income as a self-employed barber.  Despite these impressive credentials, Plaintiff indicates he has not been gainfully employed since August 2023.

Plaintiff testified that he quit his job at Arrow Homes Products in August 2023, because he was depressed and was trying to get his life back together.  Plaintiff testified that he did not

---

[2] Plaintiff filed a lawsuit against Jackson State University alleging that the school is wrongfully withholding his bachelor's degree. *See Talley v. Jackson State University et al*, 3:23-CV-252-HTW-LGI.
[3] Plaintiff testified that he has rheumatoid arthritis in his right knee and indicated he plans to apply for disability.

apply for other jobs because he wanted to clear his name of gun charges first and get his degree, which he alleges is being withheld by Jackson State University. Plaintiff admitted that there are jobs he could do but he chooses to remain unemployed because he does not like the opportunities that are available. He indicated that he wants employment that matches his perceived level of skills and education rather than the limited job opportunities currently available to him in Durant, Mississippi. Instead of working for pay, Plaintiff spends his time doing volunteer work in the community, giving free haircuts, helping family members with legal work, and pursuing pro se litigation.[4] In fact, one of the main reasons he cited for not getting a job is because his lawsuits require a lot of time. *See In re Truong*, 2009 WL 1024586, at *5 (D.N.J. Apr. 1, 2009) (plaintiff's "choice to pursue a career as a pro se litigator, rather than a profession that yields an income is no reason to grant the IFP Application"). Based on the foregoing, the undersigned recommends that Plaintiff's IFP status be revoked. He admits he can work and that there are employment opportunities, but he chooses not to work for pay. Given Plaintiff's education, skills, and activities, it is apparent that any allegation of poverty is a choice that he is capable of remedying.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff Roderick Talley's *in forma pauperis* status be revoked, that his most recent [10] Motion for Leave to Proceed *in forma pauperis* be denied, and that Plaintiff be allowed a reasonable period of time to pay the filing fee.

---

[4] In addition to the instant lawsuit, Plaintiff has filed four other lawsuits in the Southern District. 3:23-CV-252, 3:24-CV-296, 3:24-cv-323, 3:25-CV-348. He has filed two pro se bankruptcy petitions. He also testified that he has four lawsuits filed in Holmes County Chancery Court.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 1st day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

6